UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STILLWELL READY MIX & BUILDING
MATERIALS LLC and
STILLWELL READY MIX LLC,

               Plaintiffs-Counterclaim Defendants,

    vs.

LEHIGH CEMENT COMPANY LLC
a/k/a LEHIGH CEMENT

             Defendant-Counterclaim Plaintiff,

    vs.

GERARD GARGANO, Individually, and
VITO GARGANO, Individually,

             Additional Counterclaim Defendants.

**Case No.  21-CV-03767-FB-RER**

**ANSWER AND COUNTERCLAIMS
OF LEHIGH CEMENT COMPANY**

Defendant Lehigh Cement Company LLC ("Lehigh"), by and through its attorneys,

Borges & Associates LLC, submits the following for its Answer to the Complaint of Plaintiffs

Stillwell Ready Mix & Building Materials LLC ("Building Materials") and Stillwell Ready Mix

LLC ("Ready Mix"):

## JURISDICTION AND VENUE

    1.     The existence of subject matter jurisdiction and/or supplemental jurisdiction in

Paragraph 1 calls for a legal conclusion to which no reply is required from Lehigh.

    2.     Lehigh denies the allegations in Paragraph 2 except to admit that Plaintiffs have

alleged damages in excess of $75,000.00.

    3.     The propriety of venue in Paragraph 3 calls for a legal conclusion to which no

reply is required from Lehigh.

    4.     The allegations of Paragraph 4, as to any demand for jury trial by Plaintiffs, are

1

not factual assertions to which any response is required.

5.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 5, except to admit that Ready Mix maintains a place of business in Kings County, New York. To the extent further response is required, Lehigh denies same.

6.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 6 as to Building Materials. To the extent further response is required, Lehigh denies same.

7.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 7.

8.     Lehigh admits the allegations of Paragraph 8.

9.     Lehigh admits the allegations of Paragraph 9 as same pertains to its domicile for this action.

10.     Lehigh admits the allegations of Paragraph 10 as same pertains to its domicile for this action.

## <u>AS TO THE FIRST CAUSE OF ACTION</u>

11.     To the extent any response is required, Lehigh repeats and realleges each and every allegation contained in paragraphs "1" through "10" inclusive, as if more fully set forth herein at length.

12.     Lehigh, upon information and belief, admits the allegations of Paragraph 12 as to Ready Mix, but lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 12 as it relates to Building Materials.

13.     Lehigh admits the allegations of Paragraph 13.

14.     Lehigh admits the allegations in Paragraph 14 in that Ready Mix has purchased

Cement from Lehigh since 2005, but denies the allegations as they relate to Building Materials.

15.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 15 as they relate to all deliveries but admits that at least some deliveries for Ready Mix were made to the Ready Mix manufacturing plant, and Lehigh denies the allegations in Paragraph 15 as they relate to Building Materials.

16.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 16 as to Ready Mix, and denies the allegations as they relate to Building Materials.

17.     Lehigh denies the allegations of Paragraph 17.

18.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 18 as to Ready Mix, and denies the allegations as they relate to Building Materials.

19.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 19 as to Ready Mix, and denies the allegations as they relate to Building Materials.

20.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 20 as they relate to all payments made but admits payments were made on Ready Mix's account with Lehigh by check, and to the extent further response is required Lehigh denies same.

21.     Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 21 as to Ready Mix, and denies the allegations as they relate to Building Materials.

22.     Lehigh lacks sufficient knowledge or information to either admit or deny the

allegations of Paragraph 22 as to Ready Mix, and denies the allegations as they relate to Building Materials.

23.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 23 as to Ready Mix, and denies the allegations as they relate to Building Materials.

24.    Lehigh denies the allegations of Paragraph 24.

25.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 25 as to Ready Mix, and denies the allegations as they relate to Building Materials.

26.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 26 as to Ready Mix, and denies the allegations as they relate to Building Materials.

27.    Lehigh denies the allegations of Paragraph 27.

28.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 28 as to Ready Mix, and denies the allegations as they relate to Building Materials.

29.    Lehigh denies the allegations of Paragraph 29.

30.    Lehigh denies the allegations of Paragraph 30.

31.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 31 as to Ready Mix, and denies the allegations as they relate to Building Materials.

32.    Lehigh denies the allegations of Paragraph 32.

33.    Lehigh denies the allegations of Paragraph 33.

34.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 34 as to Ready Mix, and denies the allegations as they relate to Building Materials.

35.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 35 as to Ready Mix, and denies the allegations as they relate to Building Materials.

36.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 36 as to Ready Mix, and denies the allegations as they relate to Building Materials.

37.    Lehigh denies the allegations of Paragraph 37.

38.    Lehigh denies the allegations of Paragraph 38.

39.    Lehigh denies the allegations of Paragraph 39.

40.    Lehigh denies the allegations of Paragraph 40.

41.    Lehigh denies the allegations of Paragraph 41.

42.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 42 as to Ready Mix, and denies the allegations as they relate to Building Materials.

43.    Lehigh denies the allegations of Paragraph 43.

44.    Lehigh denies the allegations of Paragraph 44.

45.    Lehigh lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 45 as to Ready Mix, and denies the allegations as they relate to Building Materials.

46.    Lehigh denies the allegations of Paragraph 46.

47.     Lehigh denies the allegations of Paragraph 47.

48.     Lehigh denies the allegations of Paragraph 48.

49.     Lehigh denies the allegations of Paragraph 49.

50.     Lehigh denies the allegations of Paragraph 50.

51.     Lehigh denies the allegations of Paragraph 51.

52.     Lehigh denies the allegations of Paragraph 52.

## AS TO THE SECOND CAUSE OF ACTION

53.     To the extent any response is required, Lehigh repeats and realleges each and every allegation contained in paragraphs "1" through "52" inclusive, as if more fully set forth herein at length.

54.     Lehigh denies the allegations of Paragraph 54.

55.     Lehigh denies the allegations of Paragraph 55.

56.     Lehigh denies the allegations of Paragraph 56.

## PRAYERS FOR RELIEF

57.     Lehigh denies that Plaintiffs are entitled to any relief, damages, interests or costs against Lehigh.

## AFFIRMATIVE DEFENSES OF LEHIGH

## FIRST AFFIRMATIVE DEFENSE

58.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted, in particular as to any allegations or claims made by plaintiff Building Materials with whom Lehigh has no contractual relationship.

## SECOND AFFIRMATIVE DEFENSE

59.     Lehigh has no credit application nor account on its records in the name of

6

Stillwell Ready Mix & Building Materials LLC, nor any contractual relationship with Building

Materials, and as such no privity of contract exists between Lehigh and Building Materials.

### THIRD AFFIRMATIVE DEFENSE

60.    Plaintiff Building Materials lacks standing to assert the claims alleged in the

Complaint against Lehigh.

### FOURTH AFFIRMATIVE DEFENSE

61.    Plaintiff Building Materials was not formed in New York State until March 19,

2012, and therefore could not have legally done business from 2004 as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

62.    Plaintiffs' claims are barred by the applicable portions of the Uniform

Commercial Code, including but not limited to the provisions of Articles 2, 3, and 9 thereunder.

### SIXTH AFFIRMATIVE DEFENSE

63.    Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds, in

particular as same pertains to any alleged oral contract for goods sold and delivered.

### SEVENTH AFFIRMATIVE DEFENSE

64.    Plaintiffs have failed to join necessary parties in this action.

### EIGHTH AFFIRMATIVE DEFENSE

65.    Plaintiffs' claims are barred, in whole or in part, by their own unclean hands.

### NINTH AFFIRMATIVE DEFENSE

66.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

67.    Plaintiffs' claims are barred, in whole or in part, by their own failure to mitigate

alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

68.     Plaintiffs' claims are barred, in whole or in part, by Plaintiff's own repudiation, breach, and/or failure to comply with their contractual obligations to Lehigh.

**TWELFTH AFFIRMATIVE DEFENSE**

69.     Plaintiffs' claims are barred, in whole or in part, by their failure to comply with a condition precedent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

70.     Any damages claimed to have been incurred by Plaintiffs are the direct and proximate result of their own acts or omissions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

71.     No act or omission by Lehigh caused the loss or damages claimed by Plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

72.     Plaintiffs' claims are barred, in whole or in part, by their failure to act in a commercially reasonable manner.

**SIXTEENTH AFFIRMATIVE DEFENSE**

73.     Plaintiffs' claims are barred, in whole or in part, by their failure to act in good faith in transactions with Lehigh.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

74.     Plaintiffs' prosecution of this action is in bad faith with knowledge that no valid claim exists against Lehigh.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

75.     Plaintiffs' claims for overpayment to and/or overcharging by Lehigh far exceed any potential credit that may be due and therefore constitutes unjust enrichment.

## NINETEENTH AFFIRMATIVE DEFENSE

76.    Plaintiffs' claims are barred, in whole or in part, by a lack and/or failure of consideration.

## TWENTIETH AFFIRMATIVE DEFENSE

77.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

78.    To the extent that Plaintiffs' have shared, transferred, or otherwise moved assets, equipment, or property from Ready Mix to Building Materials or any other person or entity, such transfer constitutes a violation of the Security Agreement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

79.    To the extent that Building Materials has benefitted from the Cement sold and delivered by Lehigh, at Lehigh's expense and detriment, Building Materials has been unjustly enriched.

**WHEREFORE,** Lehigh demands judgment in its favor and against the Plaintiffs, dismissing the Complaint and all claims against Lehigh with prejudice, and awarding Lehigh its attorneys' fees, costs of suit, and such other and further relief as this Court deems just and fair.

## COUNTERCLAIMS AGAINST THE PLAINTIFFS

80.    Defendant-Counterclaim Plaintiff, Lehigh Cement Company LLC ("Lehigh"), by and through its attorneys, Borges & Associates LLC, submits the following for its Counterclaims against Plaintiffs-Counterclaim Defendants, Ready Mix and/or Building Materials, in this matter:

**JURISDICTION AND VENUE APPLICABLE TO THESE COUNTERCLAIMS**

81.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332, as there is diversity between the original parties and the matter in controversy exceeds, exclusive interest and costs, the sum of seventy-five thousand ($75,000.00) dollars.

82.     Further, this Court has supplemental jurisdiction over the state law claims and counterclaims in this action under 28 U.S.C. §1367(a), because they are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

83.     Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 because acts giving rise to this action occurred within this judicial district.

**THE PARTIES TO THESE COUNTERCLAIMS**

84.     Defendant-Counterclaim Plaintiff Lehigh Cement Company LLC ("Lehigh") is a Delaware limited liability company duly authorized to do business in the State of New York.

85.     Plaintiff-Counterclaim Defendant Stillwell Ready Mix LLC ("Ready Mix") is a domestic limited liability company, with its principal place of business in Kings County, New York and transacting business in the State of New York, County of Kings and the instant causes of action are based upon said transactions of business.

86.     Upon information and belief, Plaintiff-Counterclaim Defendant Stillwell Ready Mix & Building Materials LLC ("Building Materials") is a domestic limited liability company, with its principal place of business in Kings County, New York and transacting business in the State of New York, County of Kings.

## **FACTUAL ALLEGATIONS APPLICABLE TO COUNTERCLAIMS**

87.    On or about August 12, 2005, Ready Mix executed and delivered to Lehigh a Credit Application (hereinafter referred to as the "Application"), a true copy of which is annexed hereto as **Exhibit "A"** and incorporated by reference herein.

88.    Pursuant to the terms of the Application, Ready Mix agreed to pay interest in the amount of 1.5% per month (18% per annum) on any past due amounts, and is obligated to Lehigh for all costs of collecting any outstanding debt owed by Ready Mix, including reasonable attorneys' fees and court costs.

89.    Concurrently with the Application, Ready Mix executed and delivered to Lehigh a Security Agreement dated August 12, 2005, a true copy of which is annexed hereto as **Exhibit "B"** and incorporated by reference herein, giving Lehigh a security interest in various collateral (collectively the "Secured Collateral"), including: (i) all goods sold by Lehigh to Ready Mix, the products and proceeds of those goods including respective finished goods and accounts receivable; and (ii) all of Ready Mix's personal property, wherever located, including machinery, equipment, inventory, and accounts, including all products and proceeds thereof.

90.    Default under the terms of the Security Agreement includes but is not limited to non-payment of Ready Mix's account or any other non-compliance with the terms of the Security Agreement.

91.    Over the years, payments have been made to Lehigh on the Ready Mix account by Ready Mix as well as third-party entities, including Building Materials.

92.    Despite such third-party payments on Ready Mix's account, no contractual agreements for sales or otherwise exist as between Lehigh and any of the entities making payment on the Ready Mix account, including and particularly Building Materials.

11

93.     On April 6, 2021, a final statement of account dated March 31, 2021 and demand for payment was sent by certified mail, return receipt requested to Ready Mix, with copies to Vito Gargano and Gerard Gargano, and a true copy of the March 31, 2021 account is annexed hereto as **Exhibit "C"** and incorporated by reference herein.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**AGAINST READY MIX – BREACH OF CONTRACT, GOODS SOLD**</u>

94.     Pursuant to the Application, Lehigh sold and delivered various goods, specifically cement products (collectively, for ease of reference, the "Cement"), to Ready Mix for over fifteen (15) years up to and through October 2020.

95.     Lehigh sold and delivered the Cement to Ready Mix, at the latter's special instance and request, on, about, or prior to October 11, 2020, at the agreed upon price and with a reasonable value of $516,880.61.

96.     Between October 31, 2017 and October 11, 2020, twenty-five (25) invoices were sent to Ready Mix for the Cement sold and delivered on or before November 2, 2020, and each was retained without objection thereto.

97.     The twenty-five (25) invoices result in a collective balance of $516,880.61 due to Lehigh from Ready Mix.

98.     By failing to make full payment on the invoices, Ready Mix has breached its payment obligations to Lehigh pursuant to the Application and the invoices delivered to Ready Mix for the Cement sold and delivered to it by Lehigh.

99.     Pursuant to the terms of the Application agreed to by Ready Mix, as well as the terms set forth on the invoices accepted by Ready Mix without objection, interest of 1.5% per month is due on the unpaid balance owed to Lehigh.

100.    That no part thereof has been paid, although due and duly demanded, except

partial payment of $2,000.00, and there is now due and owing from Ready Mix to Lehigh the sum of $514,880.61, together with interest of 1.5% per month running thereon from November 2, 2020, for the Cement sold to, and accepted by, Ready Mix.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST READY MIX – ACCOUNT STATED

101.     On April 6, 2021, a final statement of account dated March 31, 2021 and demand for payment was sent by certified mail, return receipt requested to Ready Mix (see previously annexed Exhibit "C").

102.     Said March 31, 2021 statement of account from Lehigh lists all twenty-five (25) open invoices due on Ready Mix's account and sets forth the collective balance of $516,880.61 due and owing from Ready Mix to Lehigh.

103.     Pursuant to the records available from the United States Postal Service, in conjunction with the returned signed receipts, said account and demand were delivered on April 9, 2021 via certified mail, return receipt requested.

104.     No response, dispute, or communication of any kind was ever received from Ready Mix regarding the balance owed being incorrect or not justly due, and said account and demand were retained without objection thereto.

105.     Thereafter, two partial payments, each $1,000.00, were made by checks dated April 5, 2021 and April 12, 2021, leaving the remaining balance of $514,880.61 due and owing.

106.     Partial payment following receipt of the statement of account, without any objection thereto, constitutes Ready Mix's acknowledgement of the correctness of the account and validity of the debt owed.

107.     That no part of said account has been paid, although due and duly demanded, except partial payment of $2,000.00, and there is now due and owing from Ready Mix to Lehigh

13

the sum of $514,880.61, together with interest running thereon from November 2, 2020, plus costs of collection and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST READY MIX – BREACH OF SECURITY AGREEMENT

108.   The terms of the Security Agreement provide that, upon any default by the debtor, at the option of the secured party the obligations secured by the Security Agreement shall become due and payable in full, which includes any and all interest, court costs, and reasonable attorney's fees due from Ready Mix to Lehigh.

109.   Ready Mix's failure to make payments to Lehigh has impaired Lehigh's security interest and accordingly, there is a genuine risk that the Secured Collateral has or will be transferred, concealed, disposed of, removed from the state, or become substantially impaired in value.

110.   By virtue of the foregoing Lehigh has a superior possessory right and interest in the Secured Collateral over that of Ready Mix and is therefore entitled to seek an order of seizure of the Secured Collateral.

111.   Any transfer or disposal of any portion of the Secured Collateral constitutes a breach of the Security Agreement and interference with Lehigh's secured interest in said Collateral.

112.   Further, by virtue of the foregoing, the entire debt owed to Lehigh by Ready Mix is now immediately due and owing, and Lehigh is entitled to recover the sum of $514,880.61, together with interest of 1.5% per month running thereon from November 2, 2020, and plus attorneys' fees and court costs which are now due and owing from Ready Mix to Lehigh.

14

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST BUILDING MATERIALS – UNJUST ENRICHMENT

113.    Lehigh has had a contractual relationship with Ready Mix since August of 2005.

114.    Despite Plaintiffs' joint claims against Lehigh in this action, Lehigh disputes that it has any contractual agreement or relationship with Building Materials.

115.    If any of the Cement that Lehigh believed to have been sold to Ready Mix was diverted to or used by Building Materials, or that Building Materials has assumed the business and/or operations of Ready Mix, then Building Materials has received not only the Cement at issue in this action but also the proceeds and benefits thereof.

116.    Building Materials was enriched by the Cement and proceeds and benefits thereon, at the expense of Lehigh and to Lehigh's detriment.

117.    As such, Building Materials was unjustly enriched to the detriment of Lehigh, and is indebted to Lehigh for the price of the Cement from which Building Materials benefitted.

118.    No part of said debt has been paid, except partial payment of $2,000.00, and there is now due and owing from Building Materials to Lehigh the sum of $514,880.61, together with interest running thereon from November 2, 2020, plus costs of collection and attorneys' fees.

**WHEREFORE**, Lehigh demands judgment against Stillwell Ready Mix LLC ("Ready Mix") and Stillwell Ready Mix & Building Materials LLC ("Building Materials") (collectively, the "Plaintiffs-Counterclaim Defendants"), as follows:

(a) Against Ready Mix, on the first, second, and third causes of action, in the amount of $514,880.61;

(b) Against Building Materials, on the fourth cause of action, in the amount of $514,880.61;

(c) Against the Plaintiffs-Counterclaim Defendants on all counts, for contractual pre-judgment interest of 1.5% per month from November 2, 2020;

(d) Against the Plaintiffs-Counterclaim Defendants on all counts, for an award of

15

attorneys' fees;

(e) Against the Plaintiffs-Counterclaim Defendants on all counts, for an award of costs and disbursements; and

(f) Such other and further relief as the Court deems just and fair.

## COUNTERCLAIMS AGAINST THE GARGANOS

119.    Defendant-Counterclaim Plaintiff, Lehigh Cement Company LLC ("Lehigh"), by and through its attorneys, Borges & Associates LLC, submits the following for its Counterclaims (hereinafter the "Gargano Counterclaims") against additional Counterclaim-Defendants, Vito Gargano and Gerard Gargano, jointly and severally (collectively "the Garganos"), in this matter:

## JURISDICTION AND VENUE APPLICABLE TO THE GARGANO COUNTERCLAIMS

120.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332, as there is diversity between the original parties and the matter in controversy exceeds, exclusive interest and costs, the sum of seventy-five thousand ($75,000.00) dollars.

121.    Further, this Court has supplemental jurisdiction over the state law claims and counterclaims in this action under 28 U.S.C. §1367(a), because they are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

122.    The additional Counterclaim-Defendants are hereby joined in this action pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

123.    Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 because acts giving rise to this action occurred within this judicial district.

## THE PARTIES TO THE GARGANO COUNTERCLAIMS

124. Defendant-Counterclaim Plaintiff Lehigh Cement Company LLC ("Lehigh") is a Delaware limited liability company duly authorized to do business in the State of New York.

125. Plaintiff-Counterclaim Defendant Stillwell Ready Mix LLC ("Ready Mix") is a domestic limited liability company, with its principal place of business in Kings County, New York and transacting business in the State of New York, County of Kings and the instant causes of action are based upon said transactions of business.

126. Upon information and belief, Plaintiff-Counterclaim Defendant Stillwell Ready Mix & Building Materials LLC ("Building Materials") is a domestic limited liability company, with its principal place of business in Kings County, New York and transacting business in the State of New York, County of Kings.

127. Upon information and belief, Counterclaim Defendant Gerard Gargano (hereinafter referred to as "Gerard Gargano") is a resident of the State of New York, County of Kings, and transacts business in the State of New York, County of Kings, and the instant causes of action are based upon said transactions of business.

128. Upon information and belief, Counterclaim Defendant Vito Gargano (hereinafter referred to as "Vito Gargano") (collectively, with Gerard Gargano, "the Garganos") is a resident of the State of New York, County of Kings, and transacts business in the State of New York, County of Kings, and the instant causes of action are based upon said transactions of business.

129. The Garganos are members of Ready Mix.

130. Upon information and belief, the Garganos are also members of Building Materials.

17

## FACTUAL ALLEGATIONS APPLICABLE TO THE GARGANO COUNTERCLAIMS

131.    Defendant-Counterclaim Plaintiff Lehigh repeats, realleges, and incorporates by reference all of the allegations set forth in Paragraphs "1" through "128" herein, and further reiterates and incorporates by reference previous Exhibits "**A**" through "**C**" annexed hereto, as if each was set forth more at length herein.

132.    On February 19, 2015, for valuable consideration, the Garganos each executed the document entitled "Continuing Guaranty Unlimited" with Lehigh (hereinafter, referred to as the Gargano Guaranty), a true copy of which is annexed hereto as **Exhibit "D"** and incorporated by reference herein.

133.    By executing the Gargano Guaranty, each of the Garganos, jointly and severally, delivered their unconditional and continuing personal guaranty of the prompt payment, when due or demanded, of all of Ready Mix's liabilities and obligations to Lehigh, including, without limitation, all past, present and future obligations and liabilities, and all liabilities (i.e.: interest, court costs, and attorneys' fees), due from Ready Mix.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE GARGANOS – BREACH OF PERSONAL GUARANTY

134.    On February 19, 2015, the Garganos, for valuable consideration, each executed and delivered the Gargano Guaranty, jointly and severally, for all liabilities and obligations owed by Ready Mix to Lehigh, including principal, interest, court costs and attorneys' fees.

135.    As previously set forth herein, Lehigh sold and delivered Cement to Ready Mix, at the latter's special instance and request, on, about, or prior to November 2, 2020, at the agreed upon price and with a reasonable value of $514,880.61.

136.    Ready Mix is indebted to Lehigh for the sum of $514,880.61, together with interest of 1.5% per month running thereon from November 2, 2020, and plus attorneys' fees and

court costs in pursuing this debt.

137.    The terms of the Gargano Guaranty set forth and define the "Obligations" for which the Garganos are indebted as including, without limitation, "all indebtedness, debts and liabilities (including principal, interest, late charges, collection costs, attorneys' fees and the like) of Debtor [Ready Mix] to Lehigh…".

138.    By reason thereof, pursuant to the terms of the Gargano Guaranty, the Obligations of the Garganos include the principal balance of $514,880.61 due to Lehigh from Ready Mix for the Cement sold to, and accepted by, Ready Mix.

139.    In addition, the Garganos are obligated for contractual interest of 1.5% per month running on the principal of $514,880.61 from November 2, 2020, as well as Lehigh's reasonable attorneys' fees and costs incurred herein.

140.    No part of said Obligations have been paid, although due and duly demanded, and there is now due and owing from the Garganos, jointly and severally, to Lehigh the sum of $514,880.61, together with interest of 1.5% per month running thereon from November 2, 2020, plus Lehigh's reasonable attorneys' fees and costs incurred herein.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE GARGANOS – ACCOUNT STATED

141.    On April 6, 2021, a final statement of account dated March 31, 2021 and demand for payment was sent by certified mail, return receipt requested to Ready Mix, with copy to each of the Garganos (see previously annexed Exhibit "C").

142.    The statement of account and demand from Lehigh outlined the outstanding invoices due on Ready Mix's account and set forth the collective balance of $516,880.61 due and owing from Ready Mix to Lehigh.

143.    Pursuant to the records available from the United States Postal Service, in

conjunction with the returned signed receipts, said account and demand were delivered to each of the Garganos on April 9, 2021 via certified mail, return receipt requested.

144.    No response, dispute, or communication of any kind was ever received from either of the Garganos regarding the balance owed being incorrect or not justly due, and said account and demand were retained without objection thereto by each of the Garganos.

145.    Thereafter, two partial payments, each $1,000.00, were made by checks dated April 5, 2021 and April 12, 2021, leaving the remaining balance of $514,880.61 due and owing.

146.    Partial payment following receipt of the statement of account, without any objection thereto, constitutes Ready Mix and the Garganos' acknowledgement of the correctness of the account and validity of the debt owed.

147.    No part of said account has been paid, although due and duly demanded, except partial payment of $2,000.00, and there is now due and owing from the Garganos, jointly and severally, to Lehigh the sum of $514,880.61, together with interest of 1.5% per month running thereon from November 2, 2020, plus Lehigh's reasonable attorneys' fees and costs incurred herein.

**WHEREFORE**, Lehigh demands judgment against the Counterclaim Defendants Vito Gargano and Gerard Gargano, jointly and severally (collectively "the Garganos"), as follows:

(a) Against the Garganos, jointly and severally, on the first and second causes of action, in the amount of $514,880.61;

(b) Against the Garganos, jointly and severally, on all counts, for contractual pre-judgment interest of 1.5% per month from November 2, 2020;

(c) Against the Garganos, jointly and severally, on all counts, for an award of attorneys' fees;

(d)  Against the Garganos, jointly and severally, on all counts, for an award of costs and
disbursements; and

(e)  Such other and further relief as the Court deems just and fair.

Dated: September 2, 2021

**BORGES & ASSOCIATES, LLC**
*Attorneys for Lehigh Company LLC,*
*Defendant-Counterclaim Plaintiff*

*/s/ Christine J. Hansen*
Christine J. Hansen, Esq. (ch9909)
575 Underhill Blvd, Ste. 118
Syosset, New York 11791
Phone:  (516) 677-8200 x 226
chansen@borgeslawllc.com